IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIENNE BRADLEY, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3912 |
| | § | |
| PHILLIPS CHEMICAL CO., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case arises from an explosion at a Phillips Chemical Company plant on March 27, 2000. Pending before the Court is a Motion to Intervene ("Motion"), filed pursuant to Federal Rule of Civil Procedure 24(a)(2), by Brenda C. Williams, Onesimo Perez, Rocky D. George, Earl McPhearson, Tim Williams, Teri Mercier, and Julian Garcia ("Original Intervenors") [Doc. # 67]. Additional proposed intervenors have been identified in "Supplements" to the Motion to Intervene. These are Vicky Jones, Jimmy R. Jones, Randall Durden, Christy M. Durden, Shirley McPhearson, and Angela K. Williams ("Supplement Intervenors") [Docs. # 74, # 75]. All the proposed Intervenors seek to be added as Plaintiffs in this suit. The Original Intervenors submitted a proposed Complaint in Intervention [Doc. # 68], and the Supplemental Intervenors merely seek authorization to include their names in the proposed Complaint

in Intervention. The Original Intervenors allege that they were "employed as chemical workers" for Defendant Phillips Chemical Company] ("Phillips") and "were injured in the explosion on March 27, 2000." Motion to Intervene [Doc. # 67], at 2. The Supplemental Intervenors, however, do not make the same allegation; they merely allege they "suffered injuries as a result of the explosion that occurred on March 27, 2000 at the Defendant's facility." *See* Supplements [Docs. # 74, # 75]. The Court assumes that all proposed Intervenors, like the original Plaintiffs, were employees of Phillips at the time of the 2000 explosion because the proposed Intervenors all state that they "bring the same claims as the original Plaintiffs."[1]

"In the absence of a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2)." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). A motion to intervene under Rule 24(a)(2) should be granted when:

> (1) the motion to intervene is timely; (2) the potential intervener [sic] asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene;

---

[1] The claims Plaintiffs have asserted are "violations of the RICO Act, Labor Management Reporting and Disclosure Act, 42 U.S.C. § 1981, ADA, Labor Code, fraud, conspiracy, civil assault, negligence, gross negligence, breach of fiduciary duty, breach of duty of good faith and fair dealing, intentional infliction of emotional distress, and loss of consortium." *See, e.g.*, Motion to Intervene, at 6.

If the Court's assumption as to any proposed intervenor's employee status is incorrect, then the Motion (as Supplemented) is **DENIED** as to that proposed intervenor.

>(3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). Although failure to satisfy any one element precludes the applicant's "right" to intervene, "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and concluded that "intervention of right must be measured by a practical rather than technical yardstick." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (internal quotation marks and citations omitted). Intervention should generally be allowed where "no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation marks and citation omitted).

Defendant Williams Bailey Law Firm LLP ("Williams Bailey") has responded [Doc. # 76] to the Motion, explaining that the firm, Phillips and all the Intervenors have reached an agreement regarding the Motion. By this agreement, Williams Bailey agrees to the interventions and the Intervenors agree to be bound by the Court's rulings on the pending motions for summary judgment [Docs. # 36, # 37, # 41]. Defendants Phillips Petroleum Company, d/b/a Phillips Chemical Company [Doc. # 76], Pacific

Employer's Insurance Co. ("Pacific") [Doc. # 80],[2] and Paper Allied-Industrial, Chemical and Energy Workers International [Doc. # 85], on behalf of themselves and the individual Defendants affiliated with each entity, adopt Williams Bailey's Response.

The Court questions whether the requested interventions are timely. This case has been pending over a year. The Motion to Intervene and the Supplements all were filed eleven months after the case was filed, more than six years after the explosion in issue, five months after expiration of the discovery period on a threshold, potentially dispositive issue; and four months after Defendants' summary judgment motions on the threshold issue were filed. Accordingly, the Court permits intervention at this time only on the condition that the Intervenors are bound to all prior rulings and filings in this case. Only on that basis is the intervention timely. *See* FED. R. CIV. P. 24(a)(2); *Saldano*, 363 F.3d at 551. It is therefore

**ORDERED** that the Motion to Intervene [Doc. # 67], as supplemented [Docs. # 74, # 75], is **GRANTED** in accordance with this Memorandum and Order. It is further

---

[2]   Although Pacific's Response is styled as a "Response in Opposition" on the docket sheet, Pacific is a party to the agreement with the Intervenors and does not oppose the Motion.

**ORDERED** that the Intervenors are bound by all prior rulings in this case and will be bound by the Court's adjudication of all pending motions. Any Intervenor who wishes to withdraw from this case due to the conditions imposed by the Court must do so in writing filed with the Court within **five (5) business days** of entry of this Memorandum and Order.

**SIGNED** at Houston, Texas, this **1st** day of **December, 2006**.

_____
Nancy F. Atlas
United States District Judge