IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIENNE BRADLEY, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3912 |
| | § | |
| PHILLIPS CHEMICAL CO., *et al.*, | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion and Memorandum in Support of Plaintiffs' Request to File Their Second Amended Complaint [Doc. # 73] ("Motion"). Plaintiffs seek to amend their complaint in order to add new claims and defendants. The Second Amended Complaint also advances the new theory that, even if Defendant Phillips Petroleum Company ("Phillips") had a Texas workers' compensation insurance policy issued by an authorized carrier, that policy was invalid. Phillips has filed a Response [Doc. # 81],[1] as has Williams Bailey Law Firm LLP ("Williams Bailey") [Doc. # 86]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that the Motion should be **denied**.

---

[1] Defendants Pacific Employers Insurance Company ("Pacific") and Local 4227 Paper Allied-Industrial Chemical and Energy Workers International ("PACE") responded by adopting and joining Phillips's Response [Docs. # 83, # 84].

**I.     BACKGROUND**

This controversy centers around Phillips's response to an industrial accident. On March 27, 2000, a catastrophic explosion occurred at Phillips's Pasadena Plastics Complex. One worker was killed and may others were wounded. Two days later, according to Plaintiffs, the injured employees (who were PACE union members) were called to a meeting with representatives from Williams Bailey. The attorneys informed the employees that Phillips's workers' compensation insurance would cover their injuries but that the insurance precluded any personal injury claims against Phillips.

In November 2005, Plaintiffs each filed suit against various individuals, Phillips (including several subsidiary businesses), PACE (including the union's local chapter), and Williams Bailey. Plaintiffs assert that at the March 2000 meeting, Defendants intentionally misrepresented the state of Phillips's workers' compensation insurance. Specifically, Phillips is accused of using an internal employee benefit plan to pay some compensation to injured workers in order to create the appearance of workers' compensation insurance, so that the employees would not file individual negligence suits. Plaintiffs in their Original Complaint claimed fraud, negligence, discrimination, violations of 42 U.S.C. § 1985(3), and violations of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c).

At a scheduling conference held on March 3, 2006, Judge Vanessa Gilmore, the then-presiding judge for this case, set April 1, 2006, as the deadline for Plaintiffs to amend their complaint and May 15, 2006 for completion of discovery on the threshold issues relating to Phillips's workers' compensation coverage. Plaintiffs filed a First Amended Complaint [Doc. # 25], adding claims that Defendants violated the Americans with Disabilities Act, the Texas Insurance Code, and 42 U.S.C. § 1981. After expiration of this discovery period, Defendants filed extensive motions for summary judgment [Docs. # 36, # 37, # 41].

On October 4, 2006, Plaintiffs filed the pending Motion requesting permission to file a Second Amended Complaint. The amendment is necessary, they argue, to "clarify the lack of **valid** Workers' Compensation Insurance by Phillips" (emphasis original). Plaintiffs' Motion, at 3.

A review of Plaintiffs' proposed Second Amended Complaint reveals that Plaintiffs adds only two entirely new claims, both against new Defendants. One count alleges that two insurance agencies violated the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*, by obstructing the payment of benefits and managing Phillips's benefits program in a discriminatory manner. The other new count accuses Phillips and two (or, given the ambiguity of the pleading, possibly three) foreign Phillips subsidiaries of providing an unsafe workplace in violation of unspecified

Occupational Safety and Health Administration standards. The proposed Complaint also includes the foreign companies in a number of the existing claims, asserting that they participated in Phillips's plan to disguise internal benefits payments as workers' compensation payments. The amendment also seeks to add another law firm and an attorney, but the nature of their alleged involvement is unclear—these parties appear to have been involved in an earlier workers' compensation case, which Plaintiffs contend addressed some of the important issues of this case. Plaintiffs have not adequately explained these last proposed defendants' connection to this case.[2]

Aside from including Phillips in its new claim of unsafe working conditions, Plaintiffs do not add any substantially new claims against Phillips. Rather, the proposed amendment expands Plaintiffs' theories regarding the alleged invalidity of Phillips's putative workers' compensation insurance policy. It does so by refining the existing claims against Phillips[3] and by adding exposition to the "Factual Background" section of the Second Amended Complaint. The amendment's factual analysis

---

[2]  Plaintiffs attach, as required by the Local Rules, a copy of their proposed pleading. But they also assert that they intend to "present salient and relevant documented claims; additional grounds for relief; additional claims pertaining to the Defendants' Workers' Compensation status; to remove parties Plaintiffs [sic]; and to add relevant Defendants in the attached Plaintiffs' Second Amended Complaint." *Id*. at 4.

[3]  For example, both the existing Complaint and the proposed Second Amended Complaint contain fraud claims. The Second Amended Complaint adds specific allegations that Phillips fraudulently maintained "a self-insured status in complicity with compliant carriers." Second Amended Complaint, at 23.

discusses the impact of a workers' compensation case in which the Texas Workers' Compensation Commission ("TWCC") allegedly *argued* before a Texas state court that a benefits policy substantially similar to the one at issue here did not qualify as workers' compensation. *See* Texas Worker's Compensation Commission's Response to Plaintiff's Motion for Summary Judgment, dated September 19, 2002, *Pacific Employers Insurance Co. v. O'Brien*, Cause No. 2002-14862, (80th Dist. Ct., Harris Co., Tex.).[4] Defendants dispute Plaintiffs' characterization of the TWCC's argument as well as its applicability to this case. The Court does not reach these issues.

### III.  ANALYSIS

Although the parties analyze the merits of the Motion under Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs have been subject to a Judge Gilmore's court-ordered deadline for filing amended pleadings. Plaintiffs filed their First Amended Complaint under that schedule. The present Motion for Leave to Amend was not filed until October 4, 2006, and Plaintiffs implicitly seek an extension of the court's scheduling deadline. This Motion thus is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Rule 15. Rule 16 allows a court's pretrial schedule to be

---

[4] Pacific Employers non-suited its case before any judicial determination. Plaintiffs argue this lawsuit establishes "the legal fact that the Attorney General determined that Pacific Employers produced no policy of Workers' Compensation and Phillips had not produced the [internal benefits] policy." Second Amended Complaint, at 13 n.1. The reasoning behind this deduction is not apparent.

modified "upon a showing of good cause and by leave of the district judge."  "Courts should consider four factors [in deciding if good cause exists]: 1) the explanation for the failure to move timely for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice." *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama*, NA, 315 F.3d 533, 536 (5th Cir. 2003)).

None of the *Hawthorne* factors supports Plaintiffs' Motion.  The Motion was filed in October 2006, six months after the pleading amendment deadline set by Judge Gilmore.  Plaintiffs' explanation for their failure to make a timely motion for leave to amend is that Plaintiffs' counsel were unable to agree on whether to present the new claims.[5]  This explanation is not a persuasive reason to excuse a six-month delay in seeking leave to add new parties and claims.  The Motion does not explain when Plaintiffs became aware that they might have new causes of action.  The *O'Brien* pleading on which Plaintiffs rely was filed in state court in September 2002, long before Judge Gilmore's April 1, 2006 pleading amendment deadline.  Despite the availability of discovery, Plaintiffs did not seek leave to amend for over six weeks after the

---

[5]   The Motion was filed "once Plaintiffs determined that the former co-counsel would not advance the claims that they had desired be made, and reported that impropriety to the Lead Counsel."  Motion, at 5.

discovery period closed and summary judgment motions by three Defendants were filed.

It is unclear why the new parties or attempted articulation of theories against the existing Defendants are important to Plaintiffs' existing claims. *See Hawthorne*, 431 F.3d at 227. The issue of the existence and scope of Phillips's workers' compensation insurance coverage has been joined through the briefing on the pending summary judgment motions, and Plaintiffs have not shown why the proposed new claims against Phillips or other previously named Defendants, or claims against new parties, are significant.[6]

The length of the delay, the third *Hawthorne* factor, militates against the relief Plaintiffs seek. The delay seriously prejudices Defendants. The proposed Second Amended Complaint in part is intended to refine Plaintiffs' contention that Phillips was not a workers' compensation subscriber by adding the theory that the insurance Phillips may have had was not "valid." The existence of applicable workers' compensation coverage has always been a crucial threshold issue in this case. Discovery on this question, originally scheduled to be completed by May 15, 2006, was extended through July 31, 2006. The discovery period ended more than two months before Plaintiffs

---

[6] Indeed, there appear to be statute of limitations and other legal issues confronting such theories, in addition to the merits.

sought leave to amend and add several new parties, refined theories, and allegedly pertinent factual contentions. Allowing Plaintiffs to add parties and claims on this and other matters would require reopening discovery for months, if not longer. Moreover, on May 31 and June 1, 2006, Defendants filed three motions for summary judgment that are now fully briefed. Only after Plaintiffs learned Defendants' theories did Plaintiffs seek leave to amend. An amendment now altering Plaintiffs' contentions on Phillips's insurance status is unfair where the events at issue occurred more than six years ago.

The *Hawthorne* factors also look to the availability of a continuance to cure any prejudice generated by an untimely amendment. *See Hawthorne*, 431 F.3d at 227. Because the discovery period has expired, and Plaintiffs' new claims would likely necessitate extensive additional discovery, pleadings, and motions, the prejudice to Defendants is substantial and would not be cured by a continuance. Defendants should not be required to repeat their efforts in order to respond to adjustments to Plaintiffs' theories that were available but not asserted prior to the deadline for amended pleading or during discovery.

Plaintiffs have not made a sufficient showing of good cause to warrant this tardy amendment to the Complaint. The motion is **denied** under Rule 16.[7]

## IV. Conclusion

Plaintiffs have not shown there is good cause for their belated request for leave to amend to add new parties, claims, and theories. Defendants will be seriously prejudiced by such an amendment and a continuance will not cure that prejudice. The Motion is denied. It is therefore

---

[7] Rule 15 does not apply under present circumstances. Nevertheless, if it did, Plaintiffs would fail to satisfy its standard. Leave to amend under Rule 15 should be "freely given when justice so requires," Plaintiffs have not shown that justice requires allowing them to proceed under a Second Amended Complaint. The decision whether to grant leave to amend "is by no means automatic," but rather "is one left to the sound discretion of the district court." *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994). The Court's discretion is guided by a number of factors, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

As discussed above, Plaintiffs have unduly delayed asserting the proposed claims and theories. Plaintiffs sought and received permission to file their First Amended Complaint in order to add parties, and could have added the proposed new defendants at that time or at a reasonable later date. The first amendment also included a number of new and expanded claims, adding, for example, allegations that Defendants violated Tex. Ins. Code Art. 21.21, *et seq.*, and the Americans with Disabilities Act. Plaintiffs have not adequately explained why their revised theories and new claims could not have been presented in the First Amended Complaint. The proposed amendment is untimely.

**ORDERED** that Plaintiffs' Motion and Memorandum in Support of Plaintiffs' Request to File Their Second Amended Complaint [Doc. # 73] is **DENIED**.

**SIGNED** at Houston, Texas, this **11th** day of **December, 2006**.

_____
Nancy F. Atlas
United States District Judge