IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIENNE BRADLEY, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3912 |
| | § | |
| PHILLIPS CHEMICAL COMPANY, | § | |
| *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion for New Trial and Reconsideration of Defendants' Motion for Partial Summary Judgment ("Motion for Reconsideration") [Doc. # 91].[1]  Phillips Petroleum Co. ("Phillips"), along with several individual defendants associated with the company, has responded [Doc. # 93].  Plaintiffs have also filed a Motion to Certify Order ("Motion to Certify") [Doc. # 92], asking that the Court certify its Memorandum and Order of March 22, 2007 ("Summary Judgment Order") [Doc. # 89] for an immediate appeal.  Phillips has again responded [Doc. # 94].  Each of Phillips's responses has been joined by the other Defendants in this case, Pacific Employers Insurance Company ("Pacific") and Williams & Bailey Law

---

[1] The Motion for Reconsideration is mislabeled; there has been no trial in this case.

Firm LLP ("Williams & Bailey"). Plaintiffs have not replied. Having considered the parties' pleadings, the applicable law, and the record in this case, the Court concludes that Plaintiffs' motions should both be **denied**.

## I.     BACKGROUND

This case arises from an explosion at Phillips Petroleum Company's ("Phillips") K-Resin Unit in Pasadena, Texas, on March 27, 2000. Plaintiffs are individuals who were employed by Phillips on the day of the explosion and have now sued Phillips for personal injuries allegedly suffered from the incident. Fundamentally, Plaintiffs claim that Defendants defrauded them and other injured employees, and violated state and federal law by misrepresenting the existence of valid workers' compensation insurance (the "Policy") covering Plaintiffs' injuries.[2]

Defendants filed several motions for summary judgment, arguing that Phillips was a subscriber Texas's workers' compensation regime at the time of the accident, and that many of Plaintiffs' claims were therefore precluded by the Texas Workers' Compensation Act ("TWCA"), TEX. LAB. CODE § 408.001(a). The Court granted those motions, resulting in the dismissal of some of Plaintiffs' claims.[3] Because Plaintiffs' First Amended Complaint was extensive and included various other claims

---

[2]     *See* First Amended Complaint [Doc. # 25], at 2, ¶ 1, at 11, ¶ 31.

[3]     *See* Summary Judgment Order.

that apparently survive the Court's legal conclusion that Phillips was validly insured, the Court directed Plaintiffs to file a Third Amended Complaint[4] that more plainly sets out the live legal claims and the facts in support of each such claim.[5]

Plaintiffs now urge the Court to reconsider its conclusions that Phillips was a workers' compensation subscriber at the time of the accident, that Plaintiffs were not covered by the Policy or any workers' compensation insurance that may have existed, and that Plaintiffs' did not get actual or constructive notice of the existence of the Policy or workers' compensation coverage. In the alternative, Plaintiffs request this Court certify the questions decided in the Summary Judgment Order as an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), to the Court of Appeals for the Fifth Circuit.

## II.  DISCUSSION

### A.  Motion for "New Trial" and "Reconsideration"

#### 1.  Legal Standards

Although the Court has not yet conducted a trial or entered final judgment on all claims, Plaintiffs seek in their Motion for Reconsideration a "new trial" or

---

[4]  The proposed Second Amended Complaint was rejected as untimely. *See* Memorandum and Order of December 11, 2006 [Doc. # 88].

[5]  *See* Summary Judgment Order, at 28.

reconsideration of the Summary Judgment Order.[6] This motion analytically is akin to a motion pursuant to Federal Rule of Civil Procedure 59(e). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

---

[6]  Plaintiffs do not cite any federal rule or authority for their request. To the extent they rely on Rule 59(a), the standards do not support the relief. "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (footnote omitted); *see Pagan v. Shoney's Inc.*, 931 F.2d 334, 337 (5th Cir. 1991) (citing *United States v. An Article of Drug Consisting of 4,680 Pails*, 725 F.2d 976, 990 (5th Cir.1984) (in denying motion for new trial, district court "does not abuse its discretion–and, a fortiori, we may not reverse that decision–unless there is an 'absolute absence' of evidence to support the jury's verdict"); *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981) ("The standard at the trial level on a motion for a new trial is whether the verdict is against the clear weight of the evidence or will result in a miscarriage of justice.")).

**2.    Analysis**

Plaintiffs re-argue their positions asserted in response to Defendants' summary judgment motions. Plaintiffs assert that they raised genuine issues of material fact that should have precluded summary judgment on the question of whether Phillips was validly insured. Plaintiffs' arguments here confuse the distinction between questions of fact and questions of law. Plaintiffs contend, for instance, that the "policy was endorsed to delete Plaintiffs' direct employer, Phillips Petroleum Company, from the list of named insured entities."[7] The Court, relying on the uncontroverted record, held that Plaintiffs had failed to raise a genuine fact issue on this point. As explained in the Summary Judgment Order, "the Policy lists 'Phillips Petroleum Corporation' as the 'insured' or 'named insured' well over a hundred times, starting with the information page of the Policy and including many of the endorsement pages."[8] The Policy endorsement on which Plaintiffs rely (purportedly deleting Phillips as a named insured) reflects unequivocally that the endorsement was issued a month *after* the accident giving rise to Plaintiffs' claims.[9] Plaintiffs in response to the summary judgment

---

[7]   Motion for Reconsideration, at 6.

[8]   Summary Judgment Order, at 12 (citing Workers' Compensation and Employer's Liability Insurance Policy (the "Policy"), Williams Bailey's Motion for Summary Judgment [Doc. # 41], Exhibit A, *passim*).

[9]   *See* Policy Information Page Endorsement # WC990600AD (the "April endorsement"), (continued...)

motions did not, and do not now, raise a genuine fact issue on this matter. The Court, relying on the uncontroverted record, issued a legal ruling. The Court noted that Plaintiffs provided no legal authority for their contention that a retroactive amendment of a workers' compensation policy to eliminate coverage of workers is permissible under Texas law. The Court also noted that, even if such a retroactive amendment were possible, and even if the Court had accepted Plaintiffs' legal argument that the April endorsement had the effect of removing Phillips as the named insured from its own policy, there was a subsequent endorsement to the Policy that bore the same "effective date" as the April endorsement and again listed Phillips as a named insured party.[10] Thus, the Court rejected, as a matter of law, Plaintiffs' arguments concerning a material amendment to the Policy.

Plaintiffs also argue that "both parties produced evidence of contrary facts regarding the effect of the two endorsements,"[11] which evidence consisted of putative experts' affidavits. The Court held the witnesses Plaintiffs proffered as experts on this

---

[9]  (...continued)
Exhibit C-4 to Affidavit of Dan. J. Free ("Free Aff."), Exhibit C to Plaintiffs' Response to Phillips's Motion for Summary Judgment [Doc. # 49], at 2.

[10]  *See* Summary Judgment Order, at 13-14.

[11]  Motion for Reconsideration, at 6.

point were insufficiently qualified to offer admissible evidence on this subject.[12] Alternatively, the Court ruled as a matter of law that, even if the experts had been adequately qualified, their opinions as to the legal effect of the April endorsement were "suggested legal interpretations of the Policy," and their opinions were inadmissible as invasive of the judicial function.[13] Plaintiffs therefore produced no admissible evidence of any fact that would have supported their contention that Phillips deleted itself from its own insurance policy.

Plaintiffs contend next that "Phillips could not deny that its policy excluded from coverage any employees that may have been injured by acts that were intentionally caused or aggravated by Phillips."[14]  As the Court ruled in its Summary Judgment Order, this argument lacks merit.  Plaintiffs here merely repeat their summary judgment position by citing an irrelevant passage in Phillips's "employer's liability insurance policy."  The employer's liability coverage is distinctly labeled in a portion of the

---

[12] *See* Summary Judgment Order, at 14 n.22. Plaintiffs now argue that "[c]learly, the Court determined that [Defendants' expert] was more credible than [Plaintiffs' experts] and, therefore, gave more weight to Defendants' evidence on the coverage issue." Motion for Reconsideration, at 13. This contention is frivolous. The Court accepted the representations by Plaintiff's witnesses as true and nevertheless found them to lack the necessary qualifications. *See* FED. R. EVID. 702.

[13] Summary Judgment Order, at 15 n.22 (citing *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 698 (5th Cir. 2001); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 531 n.12 (5th Cir. 1999)).

[14] Motion for Reconsideration, at 6.

contract completely separate from the workers' compensation coverage.[15]  It is obvious from the face of the Policy that workers' compensation coverage is materially different from employer's liability insurance.  There is no basis for imputing limitations from one type of coverage into another.[16]

Plaintiffs also argue that "in Texas, an employer (such as Phillips) may elect to insure the employees in one business and not in the other."[17]  Relying on Texas law, the Court held that "Phillips *could have* elected not to include its K-Resin Unit chemical workers in the workers' compensation coverage."[18]  Plaintiffs produced no evidence, however, that Phillips *made* that choice.  Even Plaintiffs' experts gave carefully circumscribed opinions that did not reach the conclusions Plaintiffs advocate.[19]  Neither witness pointed to any evidence that Phillips actually segregated its employees for insurance purposes, or offered a definitive opinion that it had done

---

[15]  *See* Summary Judgment Order, at 23.

[16]  *See id.* (citing 12 COUCH ON INS. § 173:2 (3d ed. 2006)).

[17]  Motion for Reconsideration, at 7 (citation omitted).

[18]  Summary Judgment Order, at 20 (emphasis added).  *See also Trinity Universal Ins. Co. v. Lewis*, 725 S.W.2d 332, 334 (Tex. App.–Texarkana 1987, writ ref. n.r.e.).

[19]  One expert stated that an employer "*may* elect to insure the employees in one business and not in the other." *See* Report of Charles E. Comiskey, Exhibit D to Response to Phillips's Motion for Summary Judgment [Doc. # 49], at 3 (emphasis added).  Affidavit of Dan. J. Free, Exhibit C to Response to Phillips's Motion for Summary Judgment [Doc. # 49], at 3-4 (emphasis added).  The other expert opined that he had "*seen no evidence* that there was any workers' compensation coverage for the chemical workers employed at Phillips Chemical Complex in Pasadena, Texas for the 1999 to 2000 time period."

so. Plaintiffs' contention that "[c]learly, both parties produced evidence of contrary facts regarding insuring a particular class of employees" is not supported by the record.[20] Without such evidence, Plaintiffs failed to establish a genuine, material question of fact on this issue. Plaintiffs offer no reason for the Court to alter this ruling.

Plaintiffs also take issue with the Court's decision that Phillips's failure (if any) to provide notice to its employees and the State of Texas of its insurance coverage did not disqualify it as a subscriber under the Texas Labor Code. Again, Plaintiffs' position is unsupported by the law; they did not provide "controlling precedent that notice to the State of Texas and Plaintiffs is required for **subscriber status**."[21] Indeed, Plaintiffs' argument is contrary to recent Texas appellate court rulings squarely

---

[20] Plaintiffs contend that "a simple review of the policy showed that Phillips excluded its chemical workers from the policy." Motion for Reconsideration, at 9. Counsel's argument about the proper interpretation of the Policy is not evidence and is unsupported by the factual record.

[21] Motion for Reconsideration, at 10 (emphasis original). As the Court noted in the Summary Judgment Order, Texas law does require employers to "notify each employee . . . whether or not the employer has workers' compensation insurance coverage." TEX. LAB. CODE § 406.005(a). Neglecting such notice is an administrative violation punishable by a fine. *Id*., §§ 415.005(e), 415.022; *Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 618-19 (Tex. App.–Dallas 2006, no pet.). Plaintiffs continue to rely on a case, *Ferguson v. Hosp. Corp. Intern., Ltd.*, 769 F.2d 268, 273 (5th Cir. 1985), that addressed TEX. REV. CIV. STAT. Art. 8309, § 1. That statute was repealed in 1991. The statute was replaced by the current and workers' compensation law, TEX. LAB. CODE § 401.001 *et seq*. *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 488 n.10 (5th Cir. 2003); *ExxonMobil Corp. v. Kirkendall*, 151 S.W.3d 594, 599 (Tex. App.–San Antonio 2004, pet. denied). The repeal of Art. 8309 abrogated *Ferguson* as binding precedent for cases under the new law. *See* Summary Judgment Order, at 25 n.43.

addressing the issue in light of a statutory amendment. Each state court has ruled that workers' compensation coverage under the law as amended does *not* hinge on whether notice has been provided to the employee. *See Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 618 (Tex. App.–Dallas 2006, no pet.) ("While the current statute requires employers to provide notice to employees that they are covered by workers' compensation insurance, failure to provide notice will not bar workers' compensation coverage or application of the exclusive remedy provision."); *Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 616 (Tex. App.–San Antonio 1996, writ denied) ("[C]overage, and, hence the exclusivity bar of the workers' compensation statute does not hinge on whether notice has been provided to the employee."); *Blazik v. Foley's, Inc.*, 1998 WL 788848, *3 (Tex. App.–Houston [1st Dist.] 1998, no pet.) ("the exclusivity provision of the Act does not hinge on whether notice has been provided to the employee"); *see also Winn v. Panola-Harrison Elec. Co-op., Inc.*, 40 F. Supp. 2d 850, 852 (E.D. Tex. 1998).[22]

Plaintiffs also argue in passing that Phillips also failed to provide the requisite notice to the State of Texas.[23] Defendants provided examples of notice provided to the

---

[22] The Court cited each of these cases in the Summary Judgment Order. Plaintiffs fail to distinguish them.

[23] There is little argument on this issue, as Plaintiffs have focused (both at summary judgment and at this stage of the proceeding) on whether Defendants adequately notified the employees
(continued...)

State, before the explosion, that Phillips was insured through Pacific.[24]  At most, Phillips may have failed to notify the State before the day of the explosion that it had renewed its coverage.  Plaintiffs cite no controlling authority that such renewal notice is required and cite none for the proposition that such notice, even if mandated by law, is a prerequisite to valid subscriber status.

Finally, Plaintiffs insist that the Court neglected to view the evidence in the light most favorable to them as the non-Movants.[25]  On summary judgment, all admissible evidence must be construed in favor of the non-Movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  The fact that Plaintiffs offer affidavits or documents does not mean that the evidence is admissible under the Federal Rules of Evidence or that the submissions will be construed more broadly than the evidence itself warrants or supports.  Plaintiffs merely recite the evidence they offered earlier, which was insufficient.[26]  Having carefully reviewed the factual material Plaintiffs actually submitted and construed it in the light most favorable

---

[23]  (...continued)
of Phillips's insured status.

[24]  *See* Affidavit of Allan Sturdivant, dated Aug. 30, 2006 ("Supp. Sturdivant Aff."), Exhibit 1 to Reply to Phillips's Motion for Summary Judgment [Doc. # 55], and attachments thereto.

[25]  Motion for Reconsideration, at 11-12.

[26]  *Id*. at 12.

to them, the Court is unpersuaded that Plaintiffs have raised a genuine fact issue on a material matter.

Plaintiffs' Motion to Reconsider is denied.

### B. <u>Motion to Certify</u>

Plaintiffs ask that the Court certify the Summary Judgment Order for interlocutory appeal to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides in pertinent part that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge shall so state in writing in such order.[27] Plaintiffs argue that the validity of Phillips's workers' compensation insurance and the sufficiency of Phillips's notice to its employees and the State of Texas of the existence of the policy present "[s]ubstantial ground for disagreement."[28] Plaintiffs emphasize that there is little federal appellate case law on these issues.

---

[27] The section goes on to provide: "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

[28] Motion to Certify, at 6.

Moreover, they urge, various claims survived the Court's holding that Phillips was a valid workers' compensation subscriber, and urge that if forced to proceed on those claims alone, "[i]n the event that the Order . . . is reversed on appeal, a significant amount of time and resources expended to try this case will have been wasted."[29]

The Court is unpersuaded that an interlocutory appeal is warranted in this case. Federal law expresses policy against piecemeal appeals. *See Switzerland Cheese Assoc, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 24 (1966) ("[F]ederal law expresses the policy against piecemeal appeals."); *Clark-Dietz and Assoc.-Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional.").

Even if this Court deemed the questions raised by Plaintiffs to be "controlling question[s] of law," these questions are not ones "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The issues presented are not especially legally complex. Indeed, the issues are matters of state law that have been the subject of recent Texas appellate rulings. This Court followed those state court decisions, and the Texas appellate courts' rulings are in concordance with federal precedent. In *ExxonMobil Corp. v. Kirkendall*, 151 S.W.3d 594, 599 (Tex. App.—San

---

[29]   *Id.*

Antonio 2004, pet. denied), for example, the Texas court adopted the test set out by the Fifth Circuit in *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 488 (5th Cir. 2003), when holding that an employer may meet its burden to "establish[] its status as a workers' compensation subscriber" by proving "that, at the time its employees sustained their injuries, it had workers' compensation insurance in effect from an insurance company authorized to write workers' compensation insurance in the State of Texas." *ExxonMobil*, 151 S.W.3d at 599 (citing TEX. LAB. CODE §§ 401.011(18), 406.003); *see also Patterson*, 335 F.3d at 488. Similarly, in a case predating *Patterson*, an employer proved its workers' compensation subscription status by offering a copy of the policy's information page and an affidavit from the claims manager attesting to the scope of coverage. *See Martinez v. H.B. Zachary Co.*, 976 S.W.2d 746, 748 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Only an early case, *Ferguson*, conflicts with the cited Texas courts' conclusions. As noted, *Ferguson* is no longer good law because that case addressed a version of the statute that has since been repealed, while the Texas appellate decisions on which this Court relied applied the Texas law in effect at times pertinent to Plaintiffs' claims.

It also is far from clear that certifying this case for an interlocutory appeal would promote judicial efficiency. Plaintiffs' surviving claims are analytically separate from their legal theories of negligence that hinge on the lack of valid (if any) workers'

compensation insurance.  The explosion in issue occurred more than seven years ago. It is time that all Plaintiffs' claims be tested and resolved.  The Court declines to grant an interlocutory appeal.

## IV.    CONCLUSION

Plaintiffs' Motion for Reconsideration largely rehashes the arguments made in response to Defendants' Motions for Summary Judgment.  Plaintiffs fail to identify any error in the Summary Judgment Order and reconsideration or alteration of that ruling is not warranted.  The Court is unpersuaded that an interlocutory appeal is appropriate and will promote judicial efficiency.  Such an appeal would contravene the goal of single appeals after district court rulings are final.  It is therefore

**ORDERED** that Plaintiffs' Motion for New Trial and Reconsideration of Defendants' Motion for Partial Summary Judgment [Doc. # 91] is **DENIED**.  It is further

**ORDERED** that Plaintiffs' Motion to Certify Order [Doc. # 90] is **DENIED**. It is further

**ORDERED** that, in accordance with this Court's Order of April 19, 2007 [Doc. # 102], Plaintiffs' Third Amended Complaint is **due within thirty (30) calendar days** of the entry of this Memorandum and Order.

SIGNED at Houston, Texas, this **30th** day of **April, 2007**.

*[signature]*

Nancy F. Atlas
United States District Judge