IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIENNE BRADLEY, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3912 |
| | § | |
| PHILLIPS PETROLEUM COMPANY | § | |
| d/b/a/ PHILLIPS CHEMICAL | § | |
| COMPANY, *et al.*, | § | |
|     Defendants. | § | |

## **ORDER**

Pending before the Court is a Motion for Relief from Summary Judgment ("Motion for Relief") [Doc. # 165] filed by the Jones Plaintiffs,[1] seeking reconsideration of the Court's March 2007 holding that Plaintiffs' employer, Defendant Phillips Petroleum Company, was a valid workers' compensation insurance subscriber at the time of a March 2000 industrial accident.[2] The Jones Plaintiffs assert that they have "newly discovered evidence that raises a genuine issue of material fact as to [Phillips'] Worker Compensation [sic] subscriber status."[3]

A Court, pursuant to Federal Rule of Civil Procedure 60(b), "may relieve a party

---

[1]     The Jones Plaintiffs include Adrienne Bradley, Wayland Jackson, Scottie Jones, Lawrence Neloms, Shirley D. Oliver, Edward O'Brien, Donald Phlegm, Emma Phlegm, Marie Rodriguez, and Mario Rodriguez

[2]     *See* Memorandum and Order of March 22, 2007 ("March 2007 Order") [Doc. # 89].

[3]     Plaintiffs' Motion for Relief from a Summary Judgment Order [Doc. # 165], at 1.

. . . from a final judgment, order, or proceeding," provided that a motion "be made within a reasonable time" and offer adequate grounds in support. FED. R. CIV. P. 60(b), (c)(1). "The purpose of Rule 60(b) is to balance the principle of finality of judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). This discretion is abused if the court "'bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Hesling*, 396 F.3d at 638 (quoting *Kennedy v. Tex. Utils.*, 179 F.3d 258, 265 (5th Cir. 1999). In this case, the Jones Plaintiffs' motion is egregiously delayed—being filed nine months after issuance of the Memorandum and Order in question and while several motions directed to the Jones Plaintiffs proposed Fourth Amended Complaint [Doc. # 119-3] are ripe and pending before the Court— and offers insufficient grounds to warrant relief.

First, the Jones Plaintiffs argue that Defendants have not presented proof that "the out-of-state Georgia insurer [presumably, Pacific] was ever accepted by the Department of Insurance" as a valid insurer in the state of Texas.[4] Aside from the fact that the Jones Plaintiffs conceded that Pacific was a valid Texas insurer during a

---

[4]   *Id.* at 1–2.

pretrial hearing in June 2006,[5] their position is contradicted by evidence credited by the Court in its March 2007 ruling that Phillips' was a valid workers' compensation insurance subscriber.[6] Furthermore, years ago, the Jones Plaintiffs were given opportunity for discovery on this issue. It is too late for these plaintiffs to revisit this issue.

Next, the Jones Plaintiffs argue that "even if Defendants did obtain a lawful [w]orkers['] [c]ompensation policy, the policy was made void and illegal due to Defendants' use of an unlawful and fraudulent adjustment practice."[7] This argument, which has been raised by the Jones Plaintiffs throughout this litigation,[8] does not offer

---

[5] *See* Transcript of June 20, 2006 Pretrial Hearing [Doc. # 48], at 6. During the hearing, Mr. Houston, then joint counsel with Mr. Hankins, stated:

> It is our position . . . that there are basically three issues. The issue as to whether or not there was a valid insurance carrier, I think that is an issue that is not in dispute. I think Pacific has established that it was qualified under the Texas Act to issue insurance.

[6] *See* March 2007 Order [Doc. # 89], at 11 & n.14 ("Defendants have also established, without contradiction, that Pacific was authorized to write workers' compensation insurance in the State of Texas. The Texas Department of Insurance certified [as evidenced by a Certificate of Authority provided by Defendants] that Pacific 'complied with the laws of the State of Texas applicable thereto and is hereby authorized to transact the business of . . . Workers' Compensation & Employers' Liability . . . insurance within the state of Texas.' Thus, as a matter of law, Phillips was a qualifying employer at the time of the explosion.").

[7] Plaintiffs' Motion for Relief from a Summary Judgment Order [Doc. # 165], at 3.

[8] Indeed, the argument raised by the Jones Plaintiffs in their Motion for Relief is almost a verbatim repetition of claims asserted in their proposed Second Amended Complaint [Doc. # 73-2], filed on October 4, 2006, and alleged again in each of their subsequent pleadings, including their proposed Fourth Amended Complaint [Doc. # 119-3] which is the subject of pending motions. *See* Jones Plaintiffs' proposed Second Amended Complaint [Doc. # 73-2], ¶¶ 40–44; Jones Plaintiffs' Second Amended Complaint [Doc. # 112], ¶¶ 37–40; Jones Plaintiffs' proposed Fourth Amended Complaint [Doc. # 119-3], ¶¶ 30–32.

a reason why the Court should revisit its holding that Phillips was a valid subscriber to workers' compensation insurance in March 2000.  The fact that the Jones Plaintiffs dispute *how* injury benefits were computed and paid to them is immaterial to the Court's analysis regarding Phillips' subscriber status.

The issue of Phillips' worker's compensation insurance subscriber status was the focus of the first fifteen months of this litigation.  The Court's March 2007 Order finding that Phillips was a valid subscriber was reached only after discovery and briefing by the parties.  The Jones Plaintiffs have offered no grounds to warrant reconsideration of the ruling.  Thus, it is hereby.

**ORDERED** that Plaintiff's Motion for Relief from Summary Judgment [Doc. # 165] is **denied**.

SIGNED at Houston, Texas this **17th** day of **December, 2007**.

Nancy F. Atlas
United States District Judge